LORENZA PEÑA DE BALBÁS ET AL., Petitioners and Appellants, v. MUNICIPAL COURT OF MAYAGÜEZ, Respondent and Appellee.

No. 6642. Argued May 21, 1935.—Decided July 8, 1935.

*A. Marín Marién* for appellants.   *O. Souffront* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Municipal Court of Mayagüez rendered judgment for $140.79, in favor of certain plaintiffs. Two days thereafter those same plaintiffs filed, in the District Court of Mayagüez, a petition for a writ of mandamus to compel the municipal judge to render judgment. Both the District Court of Mayagüez and the Municipal Court of Mayagüez are located in the Municipality of Mayagüez. The District Court of Mayagüez issued an order to show cause, dated January 8, 1934, wherein the municipal judge was ordered to appear in the court room of the District Court of Mayagüez, January 12, 1934, at 9 o'clock in the morning to show cause why a writ of mandamus should not issue. The municipal judge appeared at 9 o'clock in the morning, January 12th, filed his return and introduced in evidence the record of the action in the municipal court which showed that judgment had been rendered, December 6, 1933. The district court, thereupon quashed the order to show cause and dismissed the petition for mandamus, with an award of costs, disbursements and attorney's fees to defendant. Plaintiffs appealed and assigned as error: First, that the district court erred in permitting defendant to introduce evidence at the time of his appearance to show cause in the absence of plaintiffs; and second, that the district court abused its discretion in awarding costs, disbursements and attorney's fees to defendant.

After a hearing at which neither of the parties appeared, this court, in a *per curiam* judgment, affirmed the judgment of the district court. Plaintiffs now move for a reconsideration of the action so taken.

■■ The only authorities cited in the brief for appellants in support of their first assignment of error were sections 8, 9, and 10 of "An Act to establish the writ of mandamus," approved March 12, 1903, (Comp. Stat. 1911, sections 1335, 1336 and 1337); *Pacheco* v. *Cuevas Zequeira, District Judge,* 27 P.R.R. 192; *Conde* v. *Rivera,* 43 P.R.R. 926; and 18 R.C.L. 354, sections 312. The gist of the argument was: That section 8 does not impose upon plaintiffs any duty to appear on the day specified in the alternative writ; that if, as ordained by section 9, new matter in the answer does not preclude plaintiffs, ". . . who may, on the trial or other proceeding, avail himself of any valid objections to its sufficiency or may countervail it by proof either in the direct denial or by way of avoidance," it follows that a later day should be fixed for the trial, inasmuch as it would be impossible for plaintiffs to anticipate new matter in the answer and prepare to meet the same at the time of defendant's appearance; and that the wording of section 10 to the effect that the issue joined by the writ and answer "must be tried and the further proceedings thereon had in the same manner as in a civil action," is tantamount to a provision that the trial must be set for a day subsequent to the date of defendant's appearance because in civil actions the case is never tried on a day when the answer is filed, inasmuch as the parties would not be prepared to meet the issues so joined.

The motion for reconsideration adds little to the brief in the way of argument or the citation of authorities. Appellants' principal complaint is that the *per curiam* judgment was not a sufficient answer to the argument contained in appellants' brief. The judgment sets forth the assignment of errors and the essential facts. Any elaboration of the *ratio*

*decidendi* would defeat the purpose of a *per curiam* judgment.

Appellants also point out that opinions have been written in cases which were not so meritorious as is the case at bar. That is probably true. Every appellant who in good faith submits in proper form a brief which is not wholly without merit, is entitled to know why his argument has not resulted in a reversal. Conditions which are too well known to require re-statement here, have made it increasingly difficult to answer in detail the argument of the appellant in every case of minor importance. Because of the earnestness with which the motion for reconsideration has been presented, however, we shall state briefly the reasons for our affirmance of the judgment.

It might well be argued: that sections 8, 9 and 10 should be construed in connection with section 4, and in the light of the fact that a mandamus proceeding is a summary special proceeding, not a civil action; that section 4, by requiring the defendant to "show cause before the court whence the writ issued at a specified time and place," apparently contemplates a hearing at the specified time and place and that while section 8 permits the defendant to "show cause by answer under oath," it does not militate against the idea of a hearing at the time and place specified in the alternative writ; that inasmuch as plaintiff may ask for time in which to formulate his objections to the return or may request a postponement of the trial if necessary, section 9 does not necessarily imply that in the absence of any request by either of the parties the trial must be set for a day subsequent to that specified in the alternative writ; that section 10 refers to the manner of trial, not to the time thereof, and that, in the absence of objection by either of the parties the issues may be tried "in the same manner as in a civil action" at the time of defendant's appearance as well as at any time thereafter; and that if plaintiff does not appear at the time and place specified in the alternative writ the court may, at the

instance of defendant, dismiss the proceedings as provided in subdivision 3 of section 192 of the Code of Civil Procedure.

In *Zavala et al.* v. *Executive Council of P. R.*, 9 P.R.R. 191, 192, it was said:

"An alternative writ of mandamus was issued on the 29th of May, returnable before this court on the 5th day of June thereafter, and on that day, and from day to day thereafter, proceedings were had in this case, and orders made and testimony taken and arguments heard until the 20th day of June, the present month, when the case was finally terminated and submitted to the court for decision."

See also *López* v. *Insular Police Commission*, 30 P.R.R. 794, and *Shibley* v. *Hart*, 110 Cal. App. 759.

For the purposes of this opinion it may be conceded, without holding, that when the alternative writ specifies the return day without any indication that defendant is to appear in open court at a specified hour, the court should not proceed to an immediate hearing in the absence of either of the parties, provided, of course, that defendant has filed the return. Certainly, that would be the better practice where, as in *Pacheco et al.* v. *Cuevas Zequeira, supra,* the defendant is ordered "to state within 10 days the causes" why the writ should not issue. On the other hand there is nothing in our statute which forbids the fixing of the return day as the day of the hearing, or which forbids the trial of the issues on the day so fixed, in the absence of objection by either of the parties. When, as in the case at bar, the order to show cause specifies not only the day but also the hour at which the defendant is to appear and further specifies the court room itself as the place for such appearance, the intention of the court to fix the day and hour so specified as the time for a hearing as well as the time for defendant to make his return is quite clear. In such circumstances, ordinary prudence would suggest that counsel for plaintiffs should be present at the specified time and place. If the court would have been justified in dismissing the proceeding at the in-

stance of defendant on the ground of plaintiffs' failure to appear, then the error, if any, in permitting defendant to introduce evidence in the absence of plaintiffs was harmless. We are not prepared to say that the district court erred in dismissing the proceeding.

In any event, we are not convinced that any error which the district court may have committed was reversible error. It is a conceded fact that the municipal court had rendered its judgment two days before the filing of plaintiffs' application for a writ of mandamus. It is not pretended that plaintiffs would proceed to a trial on the merits in case of a reversal. Appellants, in order to show prejudice, pin their faith to the proposition that if the district court had postponed the trial, or had set the hearing for some future day, plaintiffs themselves would have had an opportunity to dismiss the proceeding under subdivision 1 of section 192 of the Code of Civil Procedure and in this way would have avoided the pronouncement as to costs, disbursements and attorney's fees. They rely on *Conde* v. *Rivera,* 43 P.R.R. 926, as their support for this contention From this opinion we take the following extract:

"The judgment of the lower court was unnecessary as to the dismissal, which should have been registered by the clerk and the judgment entered accordingly, and as to the costs the court should have waited for the defendant to exercise his rights. A party should not be awarded any relief which he has not sought, and in the instant case, when the court rendered its judgment, the defendant had not taken any action looking to the collection of his costs. In accordance with the laws of Puerto Rico, the awarding of costs is a matter to be decided by the court in the exercise of its discretionary powers. Inasmuch as the prepayment of the costs by the plaintiff refers to the fees required for the filing of the motion to dismiss and for the filing of the judgment, it is but natural that the costs of the defendant should be determined and awarded by the court on motion of the interested party. We think that the proper remedy for the defendant under the laws of Puerto Rico is to move the court for a judgment imposing costs on the plaintiff and if he obtains a favorable decision,

then he should wait until the judgment becomes final in order to file the memorandum of costs within the time prescribed by law."

In the instant case the prayer of defendant's return was that the alternative writ be quashed and that the mandamus proceeding be dismissed with costs and attorney's fees to defendant. Whether or not defendant may be said by such a prayer to have sought "affirmative relief" within the meaning of section 192 of the Code of Civil Procedure, construed in connection with other provisions of that code as amended to date concerning costs, is a question that need not be decided now. It will suffice to say that the case of *Conde* v. *Rivera, supra,* does not hold that the plaintiff, in a case of this kind, may avoid the payment of costs, including attorney's fees, by the simple device of dismissing the proceeding after the filing of defendant's return and before trial of the issues so joined. See, however, *McEvoy* v. *Nadal et al.,* 34 P.R.R. 610; 15 C.J. 68, section 118 and cases cited.

The fact that counsel for plaintiffs were nonresident attorneys may or may not be a mitigating circumstance to be considered in connection with the question as to whether or not defendant should be awarded the whole or part only of the reasonable value of the services rendered him by his attorney. It was not enough to relieve plaintiffs from all responsibility for their failure to ascertain either before the filing of their application for a writ of mandamus or within more than a month thereafter that the municipal judge had already rendered the judgment in question. The same may be said of other facts which are set forth in the brief for appellants but do not appear in the record, provided, they are established when the memorandum of costs is submitted. It seems superfluous to say that facts which were not before the district judge furnish no satisfactory basis for a reversal of the judgment appealed from upon the theory of an abuse of discretion in the award of costs.

We find no abuse of discretion in the award as made.

The motion for reconsideration must be denied.